UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| LEONARD A. DEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:13-cv-00039-RLY-WGH |
| | ) | |
| CITY OF GREENDALE UNSAFE | ) | |
| BUILDING DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON PENDING MOTIONS

Plaintiff, Leonard A. Dewitt, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against the defendants, the City of Greendale Unsafe Building Department, Mayor Doug Hedrick, Chief Administrative Officer Steve Lampert, Code Compliance Officer Al Putnam, and seven members of the City Council, in their individual and official capacities. Specifically, Plaintiff claims the Defendants' actions in removing his mobile home pursuant to an Unsafe Building Act and subsequently levying execution against the real estate to pay the judgment for the costs of the removal of the mobile home violated his rights to procedural due process, his right to equal protection, and constituted a taking of his property in violation of the Fifth Amendment. Plaintiff moves for summary judgment on the merits of his claims. Defendants move to strike Plaintiff's designation of the evidence in support of his motion for summary judgment.

Defendants also move for summary judgment on a multitude of grounds, including res judicata and the statute of limitations. For the reasons set forth below, the court **GRANTS** the Defendants' motion, **DENIES** the Plaintiff's motion, and **DENIES AS MOOT** Defendants' motion to strike.

I.      **Background**

Plaintiff is the former owner of a mobile home and real estate in Greendale, Indiana, who was incarcerated in 2004. (Filing No. 44 at 5, ¶¶ 15, 17). On August 24, 2005, the Administrative Officer of the City's Unsafe Building Department, Mr. Lampert, issued an order that declared the home unsafe and a threat to public health, ordered Plaintiff to remove the home from the real estate within 90 days, and notified Plaintiff of a hearing scheduled for September 14, 2005, before the Hearing Authority of the Unsafe Building Department. (Filing No. 29-3 at ¶ 3; Filing No. 44 at 17, ¶ 7). The order was mailed to Plaintiff in prison. (Filing No. 44 at 17, ¶¶ 11, 14). A representative of Plaintiff appeared and participated in the hearing. (Filing No. 44 at 18, ¶¶ 19-23). At the conclusion of the hearing, the Hearing Authority unanimously affirmed the order. (Filing No. 44 at 19, ¶ 24).

Plaintiff did not timely appeal the decision of the Hearing Authority pursuant to Ind. Code § 36-7-9-8. (Filing No. 44 at 19, ¶ 34). Therefore, on May 3, 2006, the Unsafe Building Authority demolished the house and removed it from Plaintiff's real estate. (Filing No. 29-3, ¶ 8; Filing No. 44 at 19, ¶ 38). The City later obtained a judgment against Dewitt and sold his real estate at a Sheriff's sale to satisfy the demolition costs. (Filing No. 44 at 20, ¶ 45).

On August 6, 2007, Plaintiff brought a § 1983 lawsuit (the "First Lawsuit") in this court against the Unsafe Building Department, the City's Code Compliance Officer, the City's Chief Administrative Officer, and the individual members of Greendale's City Council, alleging, *inter alia*, that defendants committed an unconstitutional taking and violated his right to due process when they issued an order to demolish his home, without providing him time to bring his home into compliance with the City's building code. (Cause No. 2:07-cv-204-RLY-WGH, Filing No. 1). The court entered summary judgment for the defendants on September 15, 2009, under the "special ripeness doctrine" articulated in *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. 172 (1985). (Cause No. 2:07-cv-204-RLY-WGH, Filing No. 63). That doctrine requires a plaintiff to exhaust his administrative remedies by filing a claim for inverse condemnation in state court for the alleged taking of his property before filing a claim in federal court. (*See id.* at pp. 2–3). Plaintiff did not do so.

On March 18, 2010, Plaintiff filed a lawsuit for essentially the same civil rights violations against the same parties, as well as a claim for inverse condemnation, in Dearborn Circuit Court. (Filing No. 44 at 21). On November 22, 2010, the court dismissed that action without prejudice for lack of subject matter jurisdiction, insufficiency of process, insufficient service of process, and res judicata. (*Id.*).

On January 10, 2011, Plaintiff then filed another action for inverse condemnation (the "Third Lawsuit") in the Dearborn Circuit Court, alleging the same civil rights violations (due process/takings) against the same parties. (Filing No. 44 at 21, 30–49). On October 4, 2011, the court dismissed the Third Lawsuit, and found the decision in the

First Lawsuit res judicata with respect to Plaintiff's Complaint. The court further found that it had no jurisdiction to hear Plaintiff's Complaint because Dewitt did not appeal the Unsafe Building Department's Order within ten days as required by Indiana law. (*Id.* at p. 21). On appeal, the Indiana Court of Appeals affirmed the judgment of the court. *See Dewitt v. Unsafe Bldg. Dep't*, No. 15A04-1110-MI-567, 970 N.E.2d 271 (Ind. Ct. App. 2012) (unpublished disposition).

On March 5, 2013, Dewitt filed the present action (the Fourth Lawsuit). (Filing No. 1).

## II. Summary Judgment Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986*).*

## III. Discussion

The parties' motions for summary judgment address different issues. Because the court agrees with the Defendants that Plaintiff's case is barred by the doctrine of res judicata and the statute of limitations, the court need not address the balance of the Defendants' motion, nor address the merits of the Plaintiff's motion.

## A. Res Judicata

Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the same preclusive effect as would be given under the law of the state that rendered the judgment. *See Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81, 83-84 (1984) (cittation omitted). This is also true of claims that could have been raised in the state court proceedings, but were not. *Id.* at 83-84.

In Indiana, res judicata "bars litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies." *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26 (Ind. Ct. App. 2000). Indiana courts apply res judicata only if four elements are satisfied: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the matter now in issue was, or could have been, determined in the prior action; (3) the controversy adjudicated in the former suit was between the parties to the present suit; and (4) the judgment in the former suit was rendered on the merits. *Id.*

First, the Indiana legislature has authorized municipalities to designate units to enforce the Unsafe Building Law, and it has endowed the county courts with exclusive jurisdiction to review those units' decisions. Ind. Code §§ 36-7-9-3, -9. Thus, the Dearborn Circuit Court had jurisdiction to decide the former suits.

Second, the matter at issue in this suit was, or might have been, determined in the former suits, particularly the Third Law Suit. Both sought compensation for the unlawful destruction of Plaintiff's home and the sale of his property, and alleged violations of his

5

rights under the Due Process Clause of the Fourteenth Amendment and the Takings Clause of the Fifth Amendment.

Third, the controversy adjudicated in the former suits, particularly the Third Lawsuit, was between the same parties. (*Compare* Filing No. 1 at p. 1 *to* Filing No. 44 at pp. 31–32).

Fourth, Plaintiff's Third Lawsuit was dismissed for failing to appeal the Unsafe Building Department's Order within the statutory 10-day window. That ruling, and the Indiana Court of Appeals' affirmance, reflect that the judgment in the Third Lawsuit was one on the merits. *See Yellow Cab Co. of Bloomington v. Williams*, 583 N.E.2d 774, 779 (Ind. Ct. App. 1996) (where a statute provides the exclusive means for judicial review of agency action, dismissal for failure to comply with statutory procedures for obtaining judicial review constituted a judgment on the merits for purposes of res judicata).

In order to give preclusive effect to the judgments issued by the Dearborn Circuit Court, the court must also find that Plaintiff had a full and fair opportunity to litigate his § 1983 claims in that court. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480-81 (1982); *Leal v. Krajewski*, 803 F.2d 332, 334 (7th Cir. 1986). This requires the state's judicial process to satisfy minimum procedural due process requirements. *Kremer*, 456 U.S. at 481; *Leal*, 803 F.2d at 334.

Indiana Code § 36-7-9-8 outlines the requirements for appealing decisions under Indiana's Unsafe Building Law. The statute allows property owners to seek judicial review of Unsafe Building Law decisions by filing a verified complaint in the appropriate court "within ten (10) days after" the hearing authority's ruling. Ind. Code § 36-7-9-8(b).

6

If a plaintiff files a timely appeal of the Unsafe Building Department's Order, the plaintiff will be afforded an action *de novo*, where the court "may affirm, modify, or reverse the action taken by the hearing authority." Ind. Code § 36-7-9-8(c).

The Dearborn Circuit Court dismissed the Third Lawsuit, finding that it had no jurisdiction because Plaintiff did not appeal the Unsafe Building Department's Order within that statutory ten-day time period as required by Indiana law. *Dewitt*, No. 15A-4-1110-MI-567 at *2. Although Plaintiff's claim was never tried in court, Plaintiff had a full opportunity to be heard on his claims as provided by the Indiana Code. *See Yellow Cab*, 583 N.E.2d at 779. ("If the parties had a full legal opportunity to be heard on their respective claims but there is no actual hearing because a party misses a statute of limitations – or as is the case here, for a failure to comply with the statutory prerequisites – it is just as much a bar to further litigation as a judgment on the merits."). The court therefore finds Plaintiff's claims in this federal proceeding are barred, at the very least, by the judgment in the Third Lawsuit.

### B. Statute of Limitations

Section 1983 claims are subject to the statute of limitations for personal injury claims of the state where the alleged injury occurred. *Brademas v. Indiana Hous. Fin. Auth.*, 354 F.3d 681, 686 (7th Cir. 2004). In Indiana, the statute of limitations for a plaintiff's § 1983 claims is, therefore, two years. *Id.* Federal law, however, determines when a claim accrues. *Id.* A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of his § 1983 suit. *Id.*

In the present case, Plaintiff's home was demolished on May 3, 2006. Plaintiff knew or should have known of the injury which is the basis of this § 1983 suit at or around that time. At the very latest, Plaintiff knew or should have known of the injury on August 6, 2007, the date Plaintiff filed his First Lawsuit. Accordingly, Plaintiff's claim is also barred by Indiana's two-year statute of limitations.

## IV. Conclusion

The court finds Plaintiff's claims are barred by res judicata and the statute of limitations. Accordingly, the court **GRANTS** the Defendants' Motion for Summary Judgment (Filing No. 42) and **DENIES** Plaintiff's Motion for Summary Judgment (Filing No. 27). Defendants' Motion to Strike Evidence Designated by Plaintiff in Support of his Motion for Summary Judgment (Filing No. 34) is **DENIED as MOOT**.

**SO ORDERED** this 30th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to:

Leonard Dewitt
5308 Lee Avenue
Crestwood, KY  40014